[NOTE. In a subsequent action, Roemer's patent was held invalid. See Roemer v. Simon, Case No. 11,997.]

## Case No. 11,997.

### ROEMER v. SIMON et al.

[1 Ban. & A. 138;[1] 5 O. G. 555.]

Circuit Court, D. New Jersey. April, 1874.[2]

PATENTS — NOVELTY — BELIEF — FASTENINGS FOR BAGS—PRACTICE—NOTICE OF WITNESSES TO BE OFFERED.

1. In a suit for the infringement of a patent, where the defendant offers the evidence of persons, without having given notice in the answer of their names and residences, for the purpose of proving that the complainant is not the original and first inventor of any material and substantial part of the thing patented, and the evidence is received without objection from the complainant's solicitor, and the witnesses are cross examined on behalf of the complainant, it is a waiver of the want of notice in the answer. and the acceptance of the testimony cannot afterwards be objected to on that ground.

2. The patentee must not only believe himself to be the original inventor of the thing patented, but he must in fact be the original and the first inventor. If he acquired his knowledge of the invention from another, he is not the original inventor; and if another has anticipated him without his knowledge, by use of the patented article in the United States, or by a published description of it in the United States, or abroad, he is not the first inventor.

3. The patent granted to William Roemer, July 31st, 1866, for "improvement in travelling bags;" held invalid for want of novelty.

4. The case of Roemer v. Logowitz [Case No. 11,996], wherein the same patent was held valid. not followed.

[This was a bill in equity by William Roemer against Edward Simon and others for the infringement of letters patent No. 56,801, granted to complainant July 31, 1866.]

Jonathan Marshall, for complainant.

F. H. Betts, for defendants.

NIXON, District Judge. The bill is filed in this case for an alleged infringement of letters patent, granted to the complainant, July 31, 1866, for "improvement in travelling bags." The defendants, in their answer, aver, that the complainant is not the original and first inventor of the improvement claimed; that it had been previously in use, and was known to a large number of persons named; that a knowledge of the invention had been acquired by the complainant abroad, and that he had surreptitiously and unjustly obtained said patent here; and that it had been described in a printed publication, by one Samuel Fisher, in London, prior to the supposed invention thereof by complainant.

The testimony in the case is conflicting, and in many respects unsatisfactory; especially, that of the complainant, the defendants and several of their employees. I have been unable to reconcile many of their statements of facts and circumstances, and am obliged to conclude that they have allowed their interests or their feelings to warp their judgment, and to distrust the accuracy of their recollections. Viewing much of the evidence in this light, and the affirmative being upon the defendants, I think they have failed to establish all their defences, except the one alleging a prior public use of the invention, and I proceed to examine the proofs and the law upon that point.

The proofs may be properly considered under the two heads of (1) foreign, and (2) domestic prior use.

1. In regard to the foreign prior use, a number of witnesses, undoubtedly, testify that travelling bags, having fastenings upon them like the complainant's patent, were largely manufactured and used abroad, and were sent to this country and exhibited for sale in the public market.

A commission was taken out by the defendants, for the examination of Mr. Samuel Fisher, a dressing-bag maker, residing in London, and to it was annexed a copy of the drawing, accompanying and illustrating the patent of the complainant, and which clearly revealed the character of the invention claimed. Mr. Fisher examined the said drawing, and, in answer to the 5th interrogatory says:

"The fastening, or catch, described in the drawing attached to this commission, and marked 'William Roemer's improvement in travelling bags, valises, etc., patented July 31, 1866,' was, I believe, invented by a person named Morse, of London, and was manufactured by him, before the year 1861. Before that date, I frequently purchased bags, with the fastening or catch referred to, of him, he having given me to understand that the said invention was protected by registration up to the year 1861; after that date, both before and after the year 1861, I have manufactured and sold bags with the said fastening or catch."

Oscar Ditzes, a satchel-maker, who came to this country in April, 1869, testifies that, in 1863 he worked in Cologne, on bags having catches or fastenings on them, like those described in Roemer's patent; that previous to this, in 1862, he was with the complainant, in the employ of Vogel Brothers, in London, and, while there, saw many of such catches at Keller & Bertrams, No. 28 Remsen street, and at Schaffer Brothers; that they were the invention of a German, whose name and place of business he does not remember; and that two of them were attached on the top of the frame of each travelling bag, in the mode exhibited in the drawing of the complainant's patent.

Henry I. Sayers. of the firm of H. I. Sayers & Co., of New York, says that, previous to 1866, he was connected with the firm of Calhoun & Robbins, and had particular charge of the bag department; that he fre-

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [Affirmed in 95 U. S. 214.]

quently saw, upon bags imported from Paris, catches or fastenings to the jaws of the bags, constructed and arranged, upon the same general idea, of those of the defendants' Exhibit No. 17, to wit, two or more saddles or brass pieces on the top and sides of the frame with the two ends turned down, and holding together the jaws of the satchel.

Henry S. Doxsey, salesman for H. I. Sayers & Co., and formerly his fellow-clerk at Calhoun & Robbins, states that the last named firm moved from 26 and 28 Vesey street, to No. 410 Broadway, January 1, 1866; that before the removal, in the fall of 1865, he recollects seeing there, on sale, imported French travelling bags, with two catches fastened to the top of the frame; that the clamp was attached to the frame by a plate, and closed over the jaws of the bag, and that they only differed from the catches on the frame, Exhibit No. 17, in the manner of their finish.

Thomas Walter Griffith, now a resident of Newark, New Jersey, and formerly of Canada, (defendants' Exhibit No. 14 being shown to him,) testifies, that he first saw such catches or fastenings upon a bag in the possession of one Benedict, travelling from Niagra Falls to Toronto, in 1854 or 1855; that his mind was so much impressed with the utility of the contrivance for fastening the jaws of travelling bags, and especially for preventing the sides from bulging out, that afterwards, on purchasing a bag in London, in 1858, he had such catches placed upon the frame; that he used the bag with the catches for eight or ten years, visiting the United States with it more than a dozen times, while he owned it, and generally stopping at the Fifth Avenue Hotel in New York; that he has frequently seen them upon the bags of English officers, stationed in Canada; and, that the catch he had and saw, was precisely like the defendants' Exhibit No. 14, except that the clamps turned all the way round under the plate, and did not have the small knob on this exhibit which prevented such turning.

Carl Frederick Sperling, having made and affixed to the jaws of a travelling bag frame, a catch similar in all respects to complainant's patent, and marked, defendants' Exhibit 10, says, that he came to this country in April, 1866; that he worked at bag-making in London from August, 1863, to about March, 1866; that while in London, he applied to travelling bags, catches or fastenings, like Exhibit 10; that such catches were in use in London, at that time, and were on sale in the market; and, that he purchased them there, at a shilling a pair, but did not largely use them on account of the price.

There was no contradiction of these witnesses, and their evidence seems to establish the defendants' proposition, that, there was a foreign prior use of the improvement described and claimed in the complainant's patent.

2. In reference to the knowledge and public use of the invention in this country, in addition to the testimony aforesaid of Sayers and Doxsey, the attention of the court has been particularly directed to the evidence of John Hill and Edward Taylor.

Hill was a trunk-maker, and carried on the business from 1849 to 1857, at the corner of Broadway and Warren street, New York; and, from 1857 to 1860 at the corner of Broadway and Tenth street; and, afterwards worked for Stillings on Broadway, from 1863 to 1867. A bag, marked defendants' Exhibit No. 2, and having a catch or fastening embracing all the features of the complainant's patent, being shown to this witness, he says, that he made and applied to travelling bags just such catches, while he was in business at the corner of Tenth street and Broadway, and also while he was at Stillings'; that bags would be brought in for repairs, and he would put upon the frames, sometimes one and sometimes two of these catches or fastenings, instead of straps and buckles, to hold the jaws of the bag together, and that he made them out of a buckle, when he had one that fitted the frame, and when not, out of a piece of wire. He speaks of the application of such catches as of frequent occurrence, but has no recollection of using them before his removal from Broadway and Warren street.

Taylor was his apprentice from 1850 to 1857, while he was at the corner of Broadway and Warren, and worked for him, from 1857 to 1860, at Tenth street and Broadway. He testifies that while in Mr. Hill's employ, from 1850 to 1857, at Broadway and Warren, he often repaired travelling bags, and put catches on them to hold the jaws together; that he would cut a buckle in two, so as to make a fastening for each end, and attach it to the top of the frame with a piece of brass, and would also make them out of brass wire, if he had no buckle to suit; that when the bags had no fastenings, he would put on two or three catches, "one at each end, and right on the top of the frame;" that before their removal to Broadway and Tenth street, the first which he remembers of applying, was upon a black leather bag, sent to be repaired by a gentleman from the Irving House; that, in that case, he made the catches out of iron wire, and applied them on top of the frame, the same as the defendants' Exhibit 2; that the work then and at other times was done under the directions of Mr. Hill, and was of more frequent occurrence, after their removal to Tenth and Broadway, because they did more general jobbing there.

Both of these witnesses also speak of often seeing, at that time, foreign-made bags with the jaws held together with catches, attached to the frame, and acting in the same manner as the catches of the complainant's patent. If they speak the truth, and there was no attempt made to impeach the accuracy of their statements, there is no reasonable doubt, that the patented improvement of the

complainant, was known and in public use in the United States for several years prior to his application for a patent.

This suit was commenced in 1872. The provisions of the patent act of July 8, 1870 [16 Stat. 198], apply to it, and the 24th section of that act provides, that any person who has invented or discovered any new and useful art, machine, etc., or any new and useful improvement thereof, not known or used by others, in this country, and not patented or described in any printed publication in this, or any foreign country, before his invention or discovery thereof, and not in public use or on sale, for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the duty, etc., obtain a patent therefor.

One of the special defences given in the 61st section is, that the plaintiff is not the original and first inventor of any material and substantial part of the thing patented, but, in order that the defendant may have the benefit of such a defence, he must give notice to the plaintiff, in the answer filed, of the names and residences of the persons having the prior knowledge of the invention, and where and by whom it had been used. 16 Stat. 208.

The 62d section, further enacts, that whenever it shall appear that the patentee, at the time of making his application for the patent, believed himself to be the original and first inventor of the 'thing patented, the same shall not be held to be void, on account of the invention, or any part thereof, having been known or used in a foreign country, before his invention, if it had not been patented or described in a printed publication.

There is no evidence in the case showing that the invention has been patented abroad, or described in any printed publication; nor do I find any satisfactory proof that the patentee, at the time of his application, did not believe himself to be the original and first inventor of the thing patented.

The provisions of the last named section, dispose of all the evidence of the defendants, which was introduced to prove the knowledge and use of the invention in foreign countries, and leave for the consideration of the court the single question, whether there was such a knowledge and public use of the thing patented in the United States, previous to the date of the complainant's application, as to avoid his patent.

Thirteen persons or firms were named in the defendants' answer, as having known or used, here, the invention of the complainant before 1866. Of the whole number, only the two defendants, Edward and William Simon, and John Hill, Edward Taylor, and Thomas Walter Griffith were called as witnesses upon this point. I have attached weight only to the testimony of the three last named, and to Henry P. Sayers, and Henry S. Doxsey. It does not appear that the complainant had previous notice of the examination of Sayers and Doxsey; and, if his solicitor had objected to their being sworn, upon the ground of the lack of notice, the objection would have been sustained, and no consideration would have been given to their evidence. Blanchard v. Putnam, 8 Wall. [75 U. S.] 420; Roberts v. Buck [Case No. 11,897]. But, no such objection was made in their case, and it is a familiar principle that the failure to interpose it, when the witness is offered, before the examination, is a waiver of the notice, and that it is too late, after acquiescing in the admission of the testimony, and after cross-examinations, to object to the evidence for the want of notice. Brown v. Hall [Id. 2,008].

It must be borne in mind that it is not necessary to hold, in order to avoid the patent, that the complainant knew of the prior existence and use of his invention. He must not only believe himself to be, but he must be, both an original and the first inventor. If he acquires his knowledge of the invention from another, he is not the original inventor; and if another has anticipated him, without his knowledge, he is not the first inventor.

After a most careful examination of the testimony of Hill, Taylor, Griffith, Sayers, and Doxsey, and after reasonable allowance for the imperfections of human memory, giving such examination and making such allowance, from a strong pre-disposition in favor of the validity of the Roemer patent, arising from the adjudication of this court in the case of Same Complainant against Logowitz [Case No. 11,996], in which the patent was sustained, it seems impossible to doubt, that the device of the complainants for fastening together the jaws of satchels and travelling bags, was known and used in this country for many years, before the patentee claims to have made his invention, and that its use was not a single experiment by an inventor, who afterwards abandoned it from its supposed inutility, but was so frequently applied to, and used upon, travelling bags, as to invest the public with the rights to use the device, notwithstanding the patent. The evidence sustains the defence of want of novelty and prior use, and there must be a decree for the defendants.

[NOTE. An appeal was taken to the supreme court, where the decree of this court was affirmed. 95 U. S. 214. Pending the appeal, complainants applied to this court for a request to the supreme court to send the case back for rehearing. It was held by this court that, after a case had been appealed from the circuit to the supreme court, it is not the proper practice to apply to the circuit court for a request to the supreme court to send the case back for rehearing. Case No. 11,998.

[Motion was duly made to the supreme court to set aside the decree of the circuit court and grant a rehearing. It was held that such application must be addressed to the circuit court, as that court alone could make the request to the supreme court. 91 U. S. 149.]